EARLE v. BEEMAN et al.

(Supreme Court, Appellate Division, Third Department. January 20, 1896.)

DISCOVERY—INSPECTION OF NOTES.

A defendant is not entitled to an order for inspection of notes sued on before answer, unless it is shown to be necessary to the preparation of the answer or other pleading.

Appeal from special term.

Action by Artemus H. Earle against Helen M. Beeman and husband. Plaintiff appeals from an order allowing defendants an inspection of the notes sued on. Reversed.

The complaint alleged that the notes were made by Nathan Beeman, the husband of the defendant, pursuant to the defendant's direction, and indorsed by the plaintiff as an accommodation indorser; and that the defendant, and her husband, as her agent, negotiated them for her benefit; and that she had and used the proceeds, or her husband used them for her benefit; which notes the plaintiff subsequently had to pay. The plaintiff, pursuant to the defendant's demand, served a bill of particulars upon the defendant, giving the dates and principal of each note, and the respective sums which the plaintiff claims to have paid upon each one of them. The defendant then moved to inspect the notes, to enable her to frame her answer, and the motion was granted.

Argued before PARKER, P. J., and PUTNAM, LANDON, HERRICK, and MERWIN, JJ.

John P. Kellas, for appellant.
Gordon H. Main (William P. Cantwell, of counsel), for respondents.

PER CURIAM. We do not think the defendant's petition shows that she cannot properly frame her answer unless she is allowed to inspect the notes mentioned in the plaintiff's bill of particulars. She states in the petition, in substance, that her defense is that she neither made nor authorized the making of the notes sued upon; that she never had their proceeds, or any benefit from them, as charged in the complaint; and that the plaintiff has been paid in real estate and money a large sum upon them. She thus has a clear idea of what her answer ought to contain. We need not consider whether she will, after answer, need an inspection in order to prepare for trial, since her motion is not based upon that ground.

The order is reversed, with $10 costs and disbursements, and the motion below is denied, with $10 costs.